# State Bar Disciplinary Rules
# As Applied to Federal Government Attorneys

The purported imposition of exclusive disciplinary jurisdiction by state courts upon federal lawyers acting in the scope of their federal authority is subject to the overriding requirements of the Supremacy Clause. Rules promulgated by state courts or bar associations that are inconsistent with the requirements or exigencies of federal service may violate the Supremacy Clause.

Although Department of Justice authorization statutes have implicitly recognized that federal attorneys may be subject to reasonable conditions of state bar membership and to state ethical rules of general application, the imposition of state rules of conduct which penalize or interfere with the performance of authorized federal responsibilities is not recognized or approved by such statutes.

To the extent that a proposed state bar rule asserting "exclusive" disciplinary jurisdiction implies an exclusive right to judge the conduct of federal attorneys by state ethical standards, to impose state sanctions, or to displace any federal forum, it would raise serious issues under the Supremacy Clause.

August 2, 1985

MEMORANDUM OPINION FOR THE DIRECTOR,
EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS

This responds to your request that we review the proposed amendments to the Code of Professional Responsibility and Rules of Disciplinary Enforcement of the Alabama State Bar.

Paragraph 4 of the proposed amendments states:

> Any attorney admitted to practice law in this state, including District Attorneys, Assistant District Attorneys, United States Attorneys, Assistant United States Attorneys, the Attorney General, Assistant Attorneys General, and any attorney specially admitted by any court in this state for a particular proceeding is subject to the exclusive disciplinary jurisdiction of the Supreme Court of Alabama and the Disciplinary Board of the Alabama State Bar, hereafter established.

You have indicated that the language of paragraph 4 of the proposed amendments is ambiguous in its application to Assistant Attorneys General within the Department. For purposes of this discussion, we have assumed that the proposed amendment is intended to apply to those individuals, as well as to the Attorney General of the United States.

71

The imposition of exclusive disciplinary jurisdiction by a state court upon federal lawyers acting in the scope of their federal authority must be assessed in light of the Supremacy Clause.[1] In a prior memorandum entitled "Disqualification of Prosecutor Because of Former Representation," 9 Op. O.L.C. 1 (1985), we advised you that the Department of Justice has regularly maintained that rules promulgated by state courts or bar associations that are inconsistent with the requirements or exigencies of federal service may offend the Supremacy Clause of the Constitution. *See Sperry* v. *Florida*, 373 U.S. 379 (1963) (where Congress and the Executive had authorized nonlawyers to practice before the United States Patent Office, the State of Florida could not prohibit such conduct as the unauthorized practice of law). In this regard, this Office has concluded that a Department attorney, acting under Departmental authority in an undercover operation, cannot be guilty of violating state ethical rules "if his acts are authorized by federal law, including the Department's regulations prescribing ethical standards," just as a federal employee, under appropriate circumstances, may perform authorized federal functions without regard to the limits of state criminal law. *See* Memorandum for Thomas P. Sullivan, United States Attorney for the Northern District of Illinois from Mary C. Lawton, Deputy Assistant Attorney General, Office of Legal Counsel 14 (Aug. 1, 1978) (citing *In re Neagle*, 135 U.S. 1, 75 (1890)).

The activities of the federal government are presumptively free from state regulation, unless Congress has clearly authorized state regulation in a specific area. *See Hancock* v. *Train*, 426 U.S. 167, 178–79 (1976). State laws or court rules regulating the conduct of employees of the United States in the performance of their official duties constitute regulation of the activities of the federal government itself and are therefore also presumptively invalid under this rule. In the area of professional conduct, however, Congress has directed that Justice Department attorneys must be licensed and authorized to practice under the laws of a state, territory, or the District of Columbia.[2]

In prior interpretations of that requirement, the Department has been willing to assume that Congress "intended that the attorneys would be subject to reasonable conditions of continued bar membership where those conditions are not inconsistent with the requirements or exigencies of federal employment," and that Congress could reasonably have intended federal employees to be subject to "reasonable and established ethical rules for the bar generally." Memorandum of the Department of Justice, "In the Matter of the Petition of the Board of Governors of the District of Columbia Bar" 5 (Sept. 11, 1979). On the

---

[1] U.S. Const. art. VI, cl. 2 provides: "This Constitution, and Laws of the United States which shall be made in Pursuance thereof . . . shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."

[2] Department of Justice authorization and appropriations statutes routinely provide that the Department's funds may not be used to pay the compensation of any person employed as an attorney unless that person is duly licensed and authorized to practice as an attorney under the laws of a state, territory, or the District of Columbia. *See, e.g.,* Pub. L. No. 96–132, § 3(a), 93 Stat. 1040, 1044 (1979); Pub. L. No. 95–624, § 3(a), 92 Stat. 3459, 3462 (1978); Pub. L. No. 95–86, § 202, 91 Stat. 419, 428 (1977); *see also* Pub L. No. 98–411, § 203(a), 98 Stat. 1545, 1558–59 (1984) (continuing the requirement of § 3(a) of Pub. L. No. 96–132).

other hand, we do not believe that Congress' mandate to state and local bar associations extends to the imposition of rules of conduct that penalize or otherwise interfere with the performance of authorized federal responsibilities. Nor do we believe that Congress could have intended to allow the fifty states, the territories, or the District of Columbia to develop special rules for Federal attorneys. *See, e.g., id.* at 5–6; Memorandum of the Department of Justice, Re: "Report of the New Jersey Supreme Court Committee on the Model Rules of Professional Conduct" (Nov. 8, 1983). Thus, pursuant to the Supremacy Clause, the Department has opposed attempts by state bars to impose special obligations or disabilities on federal attorneys.

The Department has consistently reserved the prerogative to determine the appropriate course of conduct for federal attorneys faced with a conflict between their official duties and state regulation. The decision to authorize a Department attorney to take action inconsistent with a relevant state bar standard, which may subject that attorney to state disciplinary proceedings, will be made only after careful consideration of the surrounding circumstances. The Department's standard of conduct is not automatically given preference over any state bar standard without regard to the relative importance of the conflicting standards. Rather, we generally reserve reliance on the Supremacy Clause for those occasions when a state bar standard impedes the authorized functions of the Attorney General and the Department of Justice, so that the Department cannot adequately carry out its functions if it adheres to the state standard.

Thus, in view of the above discussion, whether or not the Alabama rule offends the Supremacy Clause could depend on the facts of particular cases involving federal lawyers and whether state or federal standards are applied in the state disciplinary proceeding. We are not certain, however, what is meant by "exclusive" disciplinary jurisdiction. To the extent that state jurisdiction may be asserted in a manner that does not impede the functions of the Department, we cannot say that this proposed amendment absolutely violates the Constitution. Yet, if the assertion of "exclusive" disciplinary jurisdiction is intended to imply an exclusive legal right to judge the conduct of federal attorneys by state ethical standards, to impose appropriate state sanctions, and to displace any federal forum, the proposed amendment raises a serious issue under the Supremacy Clause.

RALPH W. TARR
*Acting Assistant Attorney General*
*Office of Legal Counsel*